Return Date: November 17, 2015
Return Time: 10:00 a.m.

Rosemarie E. Matera
Kurtzman Matera, P.C.
Attorneys for Debtor
664 Chestnut Ridge Road
Spring Valley, New York 10977
845-352-8800
law@kmpclaw.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------- x
In re:

Grace Church Realty Corp.,                                         Chapter 11

                    Debtor.                                  Case No: 15-22787(RDD)
--------------------------------------------------------------------------- x

**OPPOSITION OF THE DEBTOR TO THE APPLICATION OF
THE STATE COURT RECEIVER FOR COMMISSIONS AND FEES**

TO:   HONORABLE ROBERT D. DRAIN
       UNITED STATES BANKRUPTCY JUDGE

      Grace Church Realty Corp., debtor and debtor in possession herein ("Debtor"), by and through its attorneys, Kurtzman Matera, P.C., respectfully submits this Opposition to the Motion of Michael Padernacht, as receiver ("Receiver") for fees and commissions and sets forth as follows:

**BACKGROUND**

      1.     The Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code ("Bankruptcy Code") on June 4, 2015.  The Debtor is a single asset real estate case with real property located at 40 Grace Church Street, Port Chester, New York 10573.  The Debtor remains in possession of its assets and operation of its business pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

      2.     Immediately after the filing of the petition, the Debtor sought a turnover of funds from the Receiver.  After the initial status conference, and being advised of the Court's requirement

-1-

that the funds be delivered to the Debtor without further delay, the Receiver complied. Approximately $74,000.00 was delivered to the Debtor.

## THE APPLICATION

3.      By order dated August 14, 2014, the Receiver was appointed by the Supreme Court of the State of New York, County of Westchester.

4.      The Receiver alleges that he is entitled to a commission of five (5%) percent of the income which totaled $91,240.41. He also seeks a five (5%) percent fee for management services.

5.      The General Operating Expenses paid by the Receiver include a total insurance cost of $13,497.67, consisting of insurance at $9,601.87 and flood insurance at $3,895.80. See page 1 of Cash Flow Report from 01/012015 to 07/31/2015.

## ARGUMENT

6.      Section 543(c)(2) of the Bankruptcy Code provides for the payment of reasonable compensation for services rendered and costs and expenses incurred by a custodian.

7.      CPLR § 8004(a), as noted in the Order appointing the Receiver, states that: "A receiver. . . is entitled to such commissions, not exceeding five percent upon the sums received and disbursed by him. . .".

8.      The Debtor does not object to the payment of one (1) five (5%) percent commission. Here, however, the Receiver is seeking both a five (5%) percent commission and a five (5%) percent fee for management services. This seems, on its face, to be double dipping, contrary to the statute, and unreasonable. Additionally, the Debtor questions the insurance expense both as to amount and necessity. The Debtor has advised that it had insurance in place. A mere inquiry could have retained $13,000.00 for the estate.

9.      It is respectfully requested that the filing of a separate memorandum of law be

waived.

      WHEREFORE, the Debtor requests that the Court allow the application of the Receiver in a reduced amount, and direct the Receiver to modify his proof of claim to such sum.

Dated: Spring Valley, New York
      November 10, 2015

                                      Kurtzman Matera, P.C.

                                      /s/ Rosemarie E. Matera
                                      Rosemarie E. Matera, Esq.